IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RITA FOHNE, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| PFIZER INC., | ) | |
| | ) | (Pending Transfer to |
| Defendant. | ) | *In re Bextra & Celebrex Marketing,* |
| | ) | *Sales Practices & Prods.* |
| | ) | *Liab. Litig.* (MDL-1699)) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Pfizer Inc. ("Pfizer"), through undersigned counsel, and with full reservation of all defenses, hereby removes the state court action entitled *Rita Fohne v. Pfizer Inc.*, Civil Action No. 07-L-310, filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1.  This action involves personal injury allegations regarding the prescription medication Bextra®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Bextra®-related actions. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005) (Breyer, J.). Pfizer intends to inform the JPML that this case is a potential tag-along action transferable to MDL-1699 pursuant to the Rules of Procedure of the JPML. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (J.P.M.L. 2001). This case is expected to transfer to the MDL Court in due course.

2.	On or about April 2, 2007, Plaintiff filed a Complaint against Pfizer in this action in the Circuit Court, Third Judicial Circuit, Madison County, Illinois, bearing number 07-L-310. A copy of the Complaint is attached hereto as Exhibit A.

3.	In this action, Plaintiff alleges that as a result of taking Bextra® she suffered "a heart attack and cardiovascular injuries due to clotting or thrombosis." (Compl. at ¶ 15). Plaintiff alleges that Bextra® was defectively designed and was not accompanied by adequate warnings. Plaintiff seeks to hold Pfizer liable under theories of strict products liability (common law and failure to warn), negligence/gross negligence, breach of warranties (express and implied), common law fraud, misrepresentation, and unfair or deceptive practices. (Compl. Counts I-VIII).

4.	At the time of filing of this Notice of Removal, Pfizer has not yet been served. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.	No further proceedings have been had in the state court action.

6.	As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.	REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A.	The Amount-in-Controversy Requirement Is Met.

7.	It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges that as a result of taking Bextra® she suffered "a heart attack and cardiovascular injuries due to clotting or thrombosis." (Compl. at ¶ 15). Plaintiff's "Prayer for Relief as to All Counts" seeks an award of:

> A. General damages in the sum in excess of the jurisdictional minimum of this Court;
> B. Compensatory damages, including past, present, and future physical pain and suffering, loss of earning capacity, disfigurement, physical impairment, and medical care expenses;
> C. Consequential Damages;
> D. Costs including, but not limited to, discretionary Court costs of this cause, and those costs available under the law, as well as expert fees and attorney fees and expenses, and costs of this action; and,
> E. Such other relief as the Court deems just and proper.

As seen in her "Prayer for Relief as to All Counts" and reiterated in her Prayer for Relief in each individual Count, Plaintiff seeks unlimited damages in excess of the state-court $50,000 jurisdictional minimum in each of her eight counts for the personal injuries she allegedly sustained from using Bextra®. (*Id.* ¶ 1; *id.*, Prayer for Relief as to All Counts; *id.*, Counts I-VIII, Prayer for Relief).

8.   In the Seventh Circuit, the jurisdictional minimum is established where there is a "reasonable probability" that more than $75,000 is in controversy. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). "To maintain a suit in which the stakes must exceed some specified minimum … [the defendant] need demonstrate no more than a good faith, minimally reasonable belief that the suit might result in a judgment in excess of that amount." *Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910 (7th Cir. 1999).

9.   Given the nature of the alleged personal injuries, and that Plaintiff expressly seeks unlimited compensatory damages for her injuries, Pfizer has shown that there is a reasonable probability that more than $75,000 is in controversy and it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum. *See*, *e.g.*, *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) ("proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that the controversy's value is below the threshold") (citations omitted); *see also id.* at 541 ("Whether damages will exceed

$75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether to a *legal certainty* the claim is really for less than the jurisdictional amount.") (internal quotation omitted and emphasis added); *see generally In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim . . . he would be entitled to less than . . . [the] jurisdictional minimum"); *see also Shaw*, 994 F.2d at 366. As noted, Plaintiff seeks recovery for allegedly serious injuries, and in no way limits the amount in controversy to less than $75,000.

10. Where liability is established, product liability claims in Illinois typically result in substantially more than $75,000 verdicts, particularly where, as here, the plaintiff alleges serious injuries. *See*, *e.g.*, *Hansen v. Baxter Healthcare Corp.*, 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.*, 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993). Similarly, federal courts assessing alleged serious injuries involving prescription medications have determined that the amount-in-controversy requirement was met. *See*, *e.g.*, *Randle v. Pfizer Inc.*, No. 05-CV-1930, slip op. at 1 (W.D. La. Nov. 22, 2005) (concluding that the jurisdictional minimum requirement was met where "plaintiff claims to have suffered a stroke as a result of her ingestion of Bextra" and "plaintiff also alleges that she seeks more than $50,000 in damages") (Exhibit B).

11. Thus, based on Plaintiff's allegations of personal injury and economic injuries, as well as her claims for unlimited damages, the amount-in-controversy plainly exceeds the jurisdictional minimum. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439; *Proctor*, 291 Ill. App. 3d at 287; *Kochan*, 242 Ill. App. 3d at 810.

**B.    There Is Complete Diversity of Citizenship.**

12.    There is complete diversity of citizenship between Plaintiff, a citizen of Illinois, and Pfizer, which is not a citizen of Illinois.

13.    Plaintiff is, and was at the time this action was filed, a resident and citizen of Illinois.  (*See* Compl. ¶ 1).

14.    Pfizer Inc. is, and was at the time Plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New York, and therefore is a citizen of the States of Delaware and New York for purposes of determining diversity.  28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 2.

**II.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

15.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

16.    The United States District Court for the Southern District of Illinois embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to the Southern District of Illinois pursuant to 28 U.S.C. §§ 93(c) and 1441(a).

17.    Because Pfizer is the only defendant in this action, the consent of no other party is required in this removal.

18.    Pursuant to 28 U.S.C. § 1446(d), Pfizer is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on all parties to the removed action.

19.    A copy of the Complaint in this action is attached as Exhibit A.  *See* 28 U.S.C. § 1446(a).

WHEREFORE, defendant Pfizer Inc. respectfully removes this action from the Circuit Court, Third Judicial Circuit, Madison County, Illinois, bearing Number 07-L-310, to this Court

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Should any question arise as to the removal of this matter, Pfizer respectfully request an opportunity to provide briefing and an oral argument as to why removal is proper.

Dated:  April 17, 2007                          By:     /s/ Robert H. Shultz, Jr.
                                                        HEYL, ROYSTER, VOELKER & ALLEN
                                                        Robert H. Shultz, Jr. - #03122739
                                                        103 West Vandalia Street, Suite 100
                                                        Edwardsville, Illinois  62025
                                                        Telephone:  (618) 656-4646
                                                        ***Attorneys for Pfizer Inc.***

Of Counsel:
Sherry A. Knutson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

## PROOF OF SERVICE

     I hereby certify that on **April 17, 2007**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system and I hereby certify that on **April 17, 2007**, I served by U.S. mail the foregoing document on the following:

                                                        /s/ Robert H. Shultz, Jr.
                                                     HEYL, ROYSTER, VOELKER & ALLEN

**Copies mailed to:**

Robert D. Rowland
Aaron K. Dickey
2227 South State Route 157
P.O. Box 959
Edwardsville, Illinois 62025